UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARK JONES,                                           COMPLAINT
                    Plaintiff,

        -against-

ARCADIA INVESTMENT PARTNERS LLC and
KAMMY MOALEMZADEH, *individually and in his
official capacity*,
                    Defendants.
------------------------------------------------------------------X

Plaintiff, MARK JONES, by and through his attorney, The Law Office of Matthew S. Porges, Esq., respectfully alleges, upon knowledge as to himself and his own actions and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1.      This is a civil action for the violation of New York State Labor Law §651 *et seq.*, New York State Labor Law §191 *et seq.*, New York State Labor Law §193 *et seq.*, New York State Labor Law §663 *et seq*; the Fair Labor Standards Act of 1938 (29 U.S.C. §201 *et seq.*); New York common law, and any other causes of action that can reasonably be inferred from the facts set forth herein.

2.      Defendants' unlawful practices, in violation of the provisions of New York Labor Law, the Fair Labor Standards Act, New York common law, and applicable regulations, include, but are not limited to, their failure to pay Plaintiff and/or their underpaying Plaintiff for wages due and their failure to pay overtime wages and the spread of hours premium. In addition, Defendants have been unjustly enriched and have converted Plaintiff's wages by their retaining wages earned by and owed to Plaintiff.

1

3. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff to work more than forty (40) hours in a week and failing to pay him overtime, in violation of both federal and state laws and regulations.

4. At all times relevant to this Complaint, Defendants maintained a policy and practice of lessening Plaintiff's pay as Defendants deemed appropriate, in violation of both federal and state laws and regulations.

5. Defendants committed the following acts knowingly, willfully, and intentionally. Specifically, Defendants knew that the non-payment of wages, overtime pay, and spread of hours premium would economically injure Plaintiff and violate state and federal laws.

6. Defendant Moalemzadeh is personally named in this action due his being a joint employer of Plaintiff and his piercing the corporate veil.

## PARTIES

7. Plaintiff Mark Jones is a former employee of Defendant Arcadia Investment Partners LLC. At all relevant times, Jones worked in the title of driver for Defendant Moalemzadeh, though he was asked to perform work beyond simply driving. Plaintiff worked for Defendants from September 2014 through July 2015, with a two month gap in employment while Plaintiff received medical treatment.

8. Defendant Arcadia Investment Partners LLC ("Arcadia") is a limited liability company with principal place of business at 152 West 57th Street, 47th Floor, New York, NY 10019.

9. Defendant Kammy Moalemzadeh ("Moalemzadeh"), was and still is the Managing Partner and an owner of Arcadia. As such, Moalemzadeh is and was charged with the responsibility of ensuring that employees are not subjected unlawful conduct while working for Arcaida. As the Managing Partner and an owner of Arcadia, Moalemzade was and is charged with many or all aspects of Arcadia's operation, including, but not limited to, the hiring, firing, promotion, payment, and discipline of employees and all other employment-related issues. Moalemzadeh also had the power to make decisions regarding Plaintiff's employment.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because, *inter alia*, Defendants operate their business in this district.

## FACTUAL ALLEGATIONS

12. Plaintiff was employed as a driver assigned to work exclusively for Moalemzadeh.

13. Plaintiff's primary job duties included, but were not limited to, driving Moalemzadeh wherever Moalemzadeh needed to go, performing personal and business tasks/errands for Moalemzadeh, and doing both of the same for Moalemzadeh's friends and family.

14. While employed at Arcadia, Plaintiff had no authority to hire, fire, or discipline employees.

15. Plaintiff did not interview potential employees on behalf of Arcadia.

16. Plaintiff had no ability or duty to handle any personnel issues with other employees.

17. Throughout the course of his employment, Plaintiff generally worked five (5) days per week for Defendants. However, Plaintiff would occasionally work on weekends at Moalemzadeh's demand.

18. While working for Arcadia, Plaintiff was paid a rate of $20.00 per hour.

19. Throughout the course of his employment with Arcadia, Plaintiff regularly worked at a minimum of fourteen (14) to sixteen (16) hours per day for Defendants, from 5:30 a.m.-6:00 a.m. to 12 a.m.-1am, for a total of as many as eighty (80) hours or more per week. Plaintiff did not receive a designated time for a lunch break. Thus, Plaintiff often worked in excess of forty (40) hours per workweek.

20. Defendants did not pay Plaintiff a spread of hours premium for all of the dates on which he worked more than ten (10) hours per day, pursuant to New York state law.

*Defendants Constitute Joint Employers*

21. Moalemzadeh possesses operational control over Defendant Corporation, possesses an ownership interest in Arcadia, and controls significant functions of Arcadia.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff's working conditions, over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

24. Defendants jointly employed Plaintiff and were Plaintiff's employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff.

26. Upon information and belief, Defendant Moalemzadeh operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;
(b) defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;
(c) transferring assets and debts freely as between all Defendants;
(d) operating Defendant Corporation for his own benefit as the sole or majority shareholders;
(e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed corporation or a closely controlled entity;
(f) intermingling or comingling assets and debts of his own with Defendant Corporation;
(g) diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and
(h) other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

28. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff services.

29. In each year from 2014 to the present, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000.

30. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, upon information and belief, Defendants managed assets which were invested and/or held outside the State of New York (as well as outside of the United States).

31. Defendants regularly required Plaintiff to work more than forty (40) hours without paying him at an overtime rate for those additional hours.

32. Defendants also regularly withheld money from Plaintiff's earned pay, without legitimate basis.

33. In addition, Defendants failed to provide Plaintiff with tax statements by the following January 31 of each year in which Plaintiff worked.

34. When Plaintiff ended his employment with Defendants in July 2015, Defendants failed to reimburse Plaintiff for his final out-of-pocket expenses and refused to give Plaintiff his final paycheck unless he signed a release and waiver of claims.

**FIRST CAUSE OF ACTION**
(Against All Defendants)
(New York State Labor Law §191)

35. Plaintiff repeats and realleges each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

36. Defendants, at all relevant times, failed to pay and/or completely pay Plaintiff in accordance with the agreed terms of employment.

37. As a result, Defendants violated New York State Labor Law §191.

## SECOND CAUSE OF ACTION
(Against All Defendants)
(New York State Labor Law §193)

38. Plaintiff repeats and realleges each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

39. Defendants have, on multiple occasions, failed to pay Plaintiff the full amount of wages he had earned for that pay period.

40. As a result, Defendants have unlawfully withheld pay from Plaintiff, in violation of New York State Labor Law §193.

## THIRD CAUSE OF ACTION
(Against All Defendants)
(New York Labor Law § 663)

41. Plaintiff repeats and realleges each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

42. Defendants have, on multiple occasions, failed to pay Plaintiff at the overtime hourly rate of one and a half times his pay rate for the hours in which he worked in excess of forty (40) hours per week.

43. As a result, Defendants have violated New York Labor Law § 663 with respect to Plaintiff.

## FOURTH CAUSE OF ACTION
(Against All Defendants)
(Fair Labor Standards Act)

44. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff.

45. Defendants have willfully failed to pay Plaintiff for the overtime wages for hours worked in excess of forty (40) hours in a workweek.

46. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## FIFTH CAUSE OF ACTION
(Against All Defendants)
(New York Spread of Hours Provisions-NY Comp. Code R & Regs. Tit. 12 § 142-2.4)

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Plaintiff regularly had workdays that lasted more than ten (10) hours.

49. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York State minimum hourly wage rate when his working hours exceeded ten (10) hours.

50. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest, costs and attorneys' fees, as provided by applicable New York law and/or regulations.

## SIXTH CAUSE OF ACTION
(Against All Defendants)
(Unjust Enrichment)

51. Plaintiff repeats and realleges each and every allegation above as though more fully set forth herein.

52. Because Defendants have failed to pay and/or underpaid Plaintiff in wages and overtime wages, Defendants has been enriched at Plaintiff's expense.

53. It is against equity and good conscience for Defendants to retain that pay.

54. As a result, Defendants has been unjustly enriched in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
(Against All Defendants)
(Conversion)

55. Plaintiff repeats and realleges each and every allegation above as though more fully set forth herein.

56. Because the money which Defendants failed to pay or underpaid Plaintiff wages which were was earned by Plaintiff, Plaintiff has a right to possess those wages.

57. However, Defendants have maintained and continues to maintain dominion over those wages, in derogation of Plaintiff's rights.

58. As a result, Defendants have converted those unpaid or underpaid wages.

## EIGHTH CAUSE OF ACTION
(Against Moalemzadeh)
(Piercing the Corporate Veil)

59. Upon information and belief, Defendant Moalemzadeh exercised and continues to exercise complete domination over Acardia with respect to the receipt and payment of monies.

60. Upon inform as a vehicle for his personal, financial business.

61. That domination of the corporation was used, in part, to deprive Plaintiff of his wages, causing Plaintiff injury in that Plaintiff did not receive all of the pay that Plaintff was due.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants by:

a. Declaring that Defendants violated the minimum overtime wage provisions of, and associated rules and regulations under, New York Labor Law and FLSA;

b. Declaring that Defendants have failed to pay Plaintiff the full amount of wages he is due, in violation of New York Labor Law;

c. Declaring that Defendants' violation of the provisions of the New York Labor Law and the FLSA were willful as to Plaintiff;

d. Awarding to Plaintiff damages for all unpaid overtime wages;

e. Awarding to Plaintiff damages for all unpaid spread of hours premiums;

f. Awarding to Plaintiff damages for all times when Defendants withheld money from his wages;

g. Awarding to Plaintiff liquidated damages in an amount equal to 100% of his damages for all improperly withheld wages under the FLSA, as applicable pursuant to 29 U.S.C. § 216(b);

h. Awarding to Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the minimum wages and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable;

i. Awarding to Plaintiff pre-judgment and post-judgment interest as applicable;

j. Awarding to Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

k. Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

l. All such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
       July 18, 2016

                                    Yours, etc.,

                                    The Law Office of Matthew S. Porges, Esq.

                                    _____
                                    Matthew S. Porges, Esq.
                                    *Attorney for the Plaintiff*
                                    641 President Street, Suite 205
                                    Brooklyn, New York 11215
                                    (718) 673-2578 (Phone)

11